IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Maddox Industrial Transformer, LLC, | ) | C.A. No. 7:23-5989-HMH |
| | ) | |
| Plaintiff, | ) | |
| | ) | **OPINION & ORDER** |
| vs. | ) | |
| | ) | |
| CS Energy, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

On November 21, 2023, Plaintiff filed this action based on diversity jurisdiction, 28 U.S.C. § 1332, alleging claims for breach of contract and unjust enrichment. (Compl., generally, ECF No. 1.) If subject matter jurisdiction is lacking, the court must dismiss the action, whether sua sponte or upon the motion of a party. Interstate Petroleum Corp. v. Morgan, 249 F.3d 215, 219 (4th Cir. 2001). "Section 1332 requires complete diversity among the parties, meaning the citizenship of each plaintiff must be different from the citizenship of each defendant." Hoschar v. Appalachian Power Co., 739 F.3d 163, 170 (4th Cir. 2014). The citizenship of a limited liability company is the citizenship of its members. See Gen. Tech. Applications, Inc. v. Exro Ltda, 388 F.3d 114, 120 (4th Cir. 2004).

On December 14, 2023, the court ordered the parties, which are both limited liability companies, to inform the court of the citizenship of their respective members. On December 20, 2023, Plaintiff responded to the court's order stating that "[a]ll of Plaintiff's managers/members are residents of the State of Washington." (Am. Ans. Rule 26.01 Interrogs., ECF No. 12.) On December 29, 2023, Defendant responded and indicated that at least one of its downstream members is a limited partnership with members that are residents of Washington State. See

1

Carden v. Arkoma Assocs., 494 U.S. 185, 195-96 (1990) (holding that the citizenship of a limited partnership is determined by the citizenship of each of its partners, both general and limited). Thus, complete diversity of citizenship is absent in this case as both Plaintiff and Defendant have members that are citizens of Washington. Caterpillar, Inc. v. Lewis, 519 U.S. 61, 68 (1996) (explaining that 28 U.S.C. § 1332(a) "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant"). Based on the foregoing and a review of the record in this matter, the requirements of diversity jurisdiction have not been met and this matter is dismissed.

It is therefore

**ORDERED** that this case is dismissed without prejudice.

**IT IS SO ORDERED.**

                                                                                    s/Henry M. Herlong, Jr.
                                                                                    Senior United States District Judge

Greenville, South Carolina
January 3, 2024